In re CAPTAINS' COURAGEOUS, INC., a California corporation, doing business as Capco, Inc., Pillar Point Fishing Trips, Pillar Point Bait & Tackle Shop, and formerly doing business as Pillar Point Marine Fuel, and the Seawitch Coffee Shop, Debtor.

Bankruptcy No. 3–82–00022T JR.

United States Bankruptcy Court, N.D. California.

March 31, 1983.

Buchalter, Nemer, Fields, Chrystie & Younger, P.C., Robert E. Izmirian, Peter G. Bertrand, San Francisco, Cal., for debtor.

Edward F. Towers, San Francisco, Cal., for trustee.

## ORDER APPROVING COMPROMISE OF CONTROVERSY

JACK RAINVILLE, Bankruptcy Judge.

Edward F. Towers, trustee herein, having filed his Application for Order Authorizing Compromise of Controversy, due and adequate notice thereof having been given to creditors and other parties in interest, and no objections thereto having been filed, and it appearing to the Court, 21 B.R. 134, that said Compromise is in the best interest of applicant and this estate for the reasons in said application set forth,

IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. Said application be, and the same hereby is, granted.

2. IFG Leasing (hereinafter "IFG") shall immediately take possession of the Chubasco and offer it for sale in a manner reasonably calculated to obtain the greatest price at the earliest possible time. The trustee shall use his best efforts to assist IFG in effecting such sale. All costs of sale, including, but not limited to, brokerage, maintenance, storage, necessary repairs, and insurance shall be a first charge against the proceeds of sale and payable from the proceeds. Included in such charges are IFG's reasonable attorneys' fees (as approved by the Court) incurred in supervising the sale of the Chubasco and preparing the documents necessary therefor, IFG's out-of-pocket expenses, and reasonable compensation to IFG for the services of its officers or agents in effecting such sale.

3. From the net proceeds of sale, as hereinafter defined, after payment of the foregoing costs, and after payment of any charge which constitutes a valid maritime lien against the vessel, IFG shall receive fifty-five percent (55%), and the bankruptcy estate shall receive forty-five percent (45%). Net proceeds shall include any and all proceeds from insurance covering the damage to the Chubasco, and those funds held in an escrow account by the trustee representing a portion of the Chapter 11 administrative rent paid by the debtor.

4. Except as herein set forth, any and all claims which IFG may have against the bankruptcy estate for post-petition administrative rent or other charges be, and the same hereby are, waived.

5. This Court's Opinion and Order dated June 8, 1982, in Adversary Proceeding No. 3–82–0017–JR be, and the same hereby is, vacated, and the trustee be, and he hereby is, directed to prepare and lodge the appropriate Order therefor.

6. The trustee and IFG be, and they hereby are, authorized to dismiss any and all litigation now pending between them, including any appeals.

7. The trustee be, and he hereby is, authorized to do any and all acts, and to execute any and all documents necessary or proper to give effect to this order.